# Hildebrand *versus* Bowman.

1. The express reservation in a deed of assignment of the three hundred dollars' worth of property exempted by law, does not render such assignment void. Creditors are not hindered or delayed by the reservation of that which they have no right to touch.

2. The assignor may, in such case, make what disposition he pleases of the reserved property, and no creditor whose debt has been contracted subsequent to the assignment, has any right to interfere or meddle with the same.

[Hildebrand v. Bowman.]

3. Where a man makes an assignment for the benefit of his creditors, the fact that his wife allows part of her property to be appraised as part of her husband's estate, and reserved to him under the exemption law, does not, as between husband and wife, change the title thereto.

May 15th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Lancaster county :* Of January Term 1882, No. 136.

Replevin, by Laura C. Bowman and Joseph Bowman for the use of the said Laura C. Bowman against James Hildebrand for a certain mare. The defendant pleaded property.

On the trial, before LIVINGSTON, P. J., the following facts appeared :—In April 1878 Joseph Bowman made an assignment for the benefit of his creditors, the deed containing an express reservation of $300 worth of property exempt by law. When the $300 worth of goods and chattels was being set apart by the appraisers, his wife, Mrs. Laura C. Bowman, allowed a certain black mare, which she owned in her own right, to be included in said exempt property at an appraisement of $90. The evidence showed that soon after the inventory was completed Joseph Bowman gave to his wife the whole of the $300 worth of property so set apart for him by the appraisers, including the said mare.

In 1879 John Hildebrand brought an action of trover and conversion before a justice of the peace against Joseph Bowman, wherein he recovered judgment for $99.50, and issued execution, under which the constable levied upon certain personal property in Bowman's possession, including the said mare. Bowman testified that he informed the constable at the time that the mare belonged to his wife, and subsequently notified him in writing to that effect. At the constable's sale under the levy, Mrs. Bowman also caused a notice to be read, claiming the mare as her property. At this sale the mare was bought by James Hildebrand; whereupon the plaintiffs instituted this action of replevin.

The court charged the jury, inter alia, as follows :

"He (Bowman) had assigned all his property except the $300 allowed by law, in April 1878. This $300 was his, and his then creditors, who had no waiver from him, could not, as we have seen, touch it or levy on it. He, so far as they were concerned, was safe. He could sell it, give it away, or dispose of it as he chose, and could, so far as they were concerned, give it back to his wife, and it could not be taken for his prior indebtedness. . . . The judgment on which this mare was sold or on which the execution was issued was obtained more than a year after the alleged gift to Mrs. Bowman. John Hildebrand says his cause of action did accrue prior to the

[Hildebrand *v.* Bowman.]

assignment. He is a competent witness; his credibility is for you—the whole testimony is for you. . . . Did Mrs. Bowman own this mare in her own right, as her separate property, at the time she was levied on by the constable? If you are satisfied from all the evidence she did, then she is entitled to your verdict for the value of the mare and damages for her detention."

Verdict for the plaintiff for $66.90, whereupon the defendant took this writ of error, assigning for error, the portions of the charge above quoted.

*D. G. Eshleman*, for the plaintiff in error.   Mrs. Bowman, by consenting that the mare should be included in the $300 worth of property set apart for her husband under the exemption laws, gave the mare to her husband. There was testimony that John Hildebrand was at that time, and at the time when Bowman gave back the mare to his wife, a creditor of Bowman. The court should have submitted to the jury the question whether, if they found that John Hildebrand was an existing creditor, the gift to the wife was fraudulent as to him. But the court simply told the jury that "if Mrs. Bowman owned the mare in her own right, as her separate property at the time of the levy" she was entitled to recover. This was error.

*A. C. Reinoehl*, for the defendant in error.

Mr. Justice Gordon delivered the opinion of the court, October 2d 1882.

In Mulford *v.* Shirk, 2 Ca. 473, it was said, by Woodward, Justice, that the reason why a reservation in a deed of assignment, for the benefit of creditors, of the three hundred dollars' worth of property exempted by the act of April 9th 1849, from levy and sale, does not render such assignment void, is because his creditors are not hindered or delayed by the reservation of that which they have no right to touch.  So in Ehrisman *v.* Roberts, 18 P. F. S. 308, it was held, that as to those judgments on which appraisements had been held, the goods set apart to the debtor were his exclusive property, and that he might retain them or sell them as he saw fit.

The goods in controversy had been retained by Bowman, under the exemption act, in his deed of assignment executed in April 1878, and they had been regularly appraised and set apart to him. It follows from the authorities cited, that the gift of these goods by Bowman to his wife, put, as they were, by the law, out of the reach of his creditors, could not have

[Miller *v.* Bealer.]

been a fraud upon them, since they had had no rights therein which could be affected by such gift.

The court, therefore, committed no error when it said to the jury, that as to the appraised property, none of his creditors then existing, that is in 1878, except those who might have a waiver, could interfere or meddle with that property, and that he might sell it or give it away as he pleased.

Whether Hildebrand was a creditor of Bowman at the time of the transfer of the property to the plaintiff, and such an one as the act of 1849 would not affect, was submitted as a question of fact to the jury, and so far as we can judge, not having any evidence on that point before us, this submission was proper. But if at that time he had no claim against Bowman, he now stands in the position of a subsequent creditor who attempts to impeach a prior transfer, that, primâ facie, could not have been made in fraud of his rights. But that such an one has no standing to accomplish a purpose of this kind, is a principle of law now so well established, that its discussion is unnecessary.

Again, complaint has been made of the court in that it left to the jury, the question of Mrs. Bowman's right in this property as part of her own separate estate; that is, as we understand it, without regard to the gift from her husband. But we think that in this there was no error. Before the time of the appraisement, there is little or no doubt but that such was the fact, and that she allowed it, at that time, to be appraised as part of her husband's estate, certainly did not change the title thereto as between him and herself, and of the transaction creditors could not complain, for, so far from being a fraud upon them, it inured to their benefit.

On no ground, therefore, apparent in this case, could this question have been withheld from the jury.

Finally, that the matter in controversy was well and properly disposed of in the court below, we have no doubt.

The judgment is affirmed.